IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01017-PAB

ROCKY MOUNTAIN PEACE & JUSTICE CENTER,
CANDELAS GLOWS/ROCKY FLATS GLOWS,
ROCKY FLATS RIGHT TO KNOW,
ROCKY FLATS NEIGHBORHOOD ASSOCIATION, and
ENVIRONMENTAL INFORMATION NETWORK (EIN) INC.,

 Plaintiffs,

v.

UNITED STATES FISH AND WILDLIFE SERVICE,
GREG SHEEHAN, in his official capacity as Acting Director, U.S. Fish and Wildlife Service,
RYAN ZINKE, in his official capacity as Secretary of the Interior,
DAVID LUCAS, in his official capacity as Project Leader, Region 6, U.S. Fish and Wildlife Service,
UNITED STATES FEDERAL HIGHWAY ADMINISTRATION,
BRANDYE HENDRICKSON, in her official capacity as Acting Administrator of the United States Federal Highway Administration, and
ELAINE L. CHAO, in her official capacity as Secretary of Transportation,

 Defendants.

## ORDER

  This matter is before the Court on Federal Defendants' Motion to Strike Plaintiffs' Declarations and Exhibits Submitted in Support of Motion for Preliminary Injunction [Docket No. 28] and Federal Defendants' Motion in Limine to Exclude Certain Witnesses from the Preliminary Injuction [sic] Hearing [Docket No. 29]. Defendants seek to exclude certain exhibits attached to plaintiffs' preliminary injunction motion and to bar certain witnesses from testifying at the hearing on that motion. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This is an appeal of administrative actions taken by the United States Fish and Wildlife Service (the "FWS") and the United States Federal Highway Administration (the "Highway Administration") that open portions of the Rocky Flats National Wildlife Refuge (the "Refuge") to trail construction and visitors. The Refuge is located in Jefferson County, Colorado on land surrounding the decommissioned nuclear processing facility at Rocky Flats. The processing facility and the land immediately surrounding it are still administered by the United States Department of Energy and are not at issue in this litigation, except insofar as the facility is the source of plutonium contamination affecting the surrounding area that includes the Refuge.

On September 16, 2004, during the ongoing cleanup efforts at Rocky Flats, the FWS issued the Rocky Flats National Wildlife Refuge Final Comprehensive Conservation Plan and Environmental Impact Statement (the "2004 EIS"). Docket No. 7-3 at 1. The 2004 EIS contemplated that, following further cleanup, multi-use trails would be created in the Refuge that would be accessible to the public. *Id*. at 5.

After the 2004 EIS was issued, the FWS acquired additional land at the southwest corner of the Refuge that had not previously been part of Rocky Flats and was not subject to prior cleanup efforts. *See* Docket No. 14 at 16. This parcel of land is referred to by the parties as the "Section 16 Parcel" and contains an old mine. *Id*.

---

[1] The following facts are undisputed unless otherwise indicated. Additional factual background is available in numerous decisions related to Rocky Flats in this district and the Tenth Circuit. *See, e.g., Sierra Club v. U.S. Dep't of Energy*, 287 F.3d 1256, 1259 (10th Cir. 2002); *Town of Superior v. U.S. Fish & Wildlife Serv.*, 913 F. Supp. 2d 1087, 1098 (D. Colo. 2012), *aff'd sub nom. WildEarth Guardians v. U.S. Fish & Wildlife Serv.*, 784 F.3d 677 (10th Cir. 2015).

In November 2017, the Highway Administration issued a Scoping Report for construction of trails within the Refuge. Docket No. 7-1. The routes of the contemplated trails differ from those stated in the 2004 EIS and include approximately one mile of trails located in the Section 16 Parcel leading to the old mine. *Id*. at 2.

On March 23, 2018, the FWS issued an Environmental Action Statement (the "2018 EAS") to make changes to the comprehensive conservation plan in the 2004 EIS consistent with the newly planned trail routes. Docket No. 7-13 at 8. In doing so, the FWS invoked the categorical exclusions under 40 C.F.R. § 1508.4 allowing for "minor changes in the amounts or types of public use" of public lands "in accordance with existing regulations, management plans, and procedures" as well as categorical exclusions for changes to such plans "when no or minor effects are anticipated." Docket No. 7-13 at 4.

On May 1, 2018, plaintiffs filed their complaint in this case. Docket No. 1. Plaintiffs bring claims for the violations of the federal Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331 *et seq.* On May 31, 2018, plaintiffs moved for a preliminary injunction against trail construction and the opening of public access to the trails. Docket No. 7. On June 27, 2018, defendants filed the administrative record. Docket No. 26. On June 28, 2018, defendants filed the present motions. Docket Nos. 28, 29.

## II. DISCUSSION

"Judicial review of an agency decision is generally limited to review of the administrative record." *Custer Cty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1027 n.1

(10th Cir. 2001) (citing *Federal Power Comm'n v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976)). "The circumstances which warrant consideration of extra-record materials are 'extremely limited.'" *Id.* (quoting *American Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985)). Nevertheless, "parties have offered extra-record studies and other evidence under a number of justifications, including: (1) that the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials, (2) that the record is deficient because the agency ignored relevant factors it should have considered in making its decision, (3) that the agency considered factors that were left out of the formal record, (4) that the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues, and (5) that evidence coming into existence after the agency acted demonstrates that the actions were right or wrong." *Am. Min. Cong.*, 772 F.2d at 626 (10th Cir. 1985) (citations omitted). Additionally, in the preliminary injunction context, parties may rely on extra-record evidence "for the limited purpose of assessing irreparable harm." *Souza v. California Dep't of Transp.*, 2014 WL 1760346, at *7 n.1 (N.D. Cal. May 2, 2014).

### A. Irreparable Harm

Defendants do not object to plaintiffs presenting evidence for the purpose of establishing irreparable harm but claim that plaintiffs should not be able to do so to the extent the evidence "go[es] to the merits of Plaintiffs' claim[s]." Docket No. 29 at 6; *see also* Docket No. 28 at 5 ("Federal Defendants do not object to the use of these declarations for that limited purpose, to the extent that they do not conflict with the

4

Service's determinations of potential impacts of the EAS."). In general, however, the evidence that defendants seek to exclude goes to the issue of irreparable harm and relates only tangentially to plaintiffs' merits claims that defendants violated procedural requirements. In particular, plaintiffs present declarations and have endorsed witnesses to testify about the health dangers presented by plutonium contamination, the extent of such contamination in the Rocky Flats area, and the likelihood that the trail construction and use would spread contamination. *See, e.g.*, Docket No. 7-18 at 2, ¶ 5 ("Activities that are planned for the Refuge beginning in the Summer, 2018, including horseback riding, construction, bicycling, and even hiking, is likely to cause the suspension into the air of residual (unremediated) plutonium particles that can be inhaled immediately and also may migrate downwind for many miles."). Such evidence is relevant to the irreparable harm that plaintiffs must show to secure a preliminary injunction, namely, that the project presents a risk of irreparable harm to plaintiffs' members who live in the area or may visit the Refuge.[2] *See, e.g.*, Docket No. 7-19 at 2, ¶ 8 ("[T]here is a likelihood of visitor inhalation of the surface plutonium dust and risk to

---

[2] Plaintiffs argue that they can also show irreparable harm to their organizational missions or to the public in general, but plaintiffs do not cite authority that supports the proposition that such harms can be the type of irreparable harm supporting issuance of an injunction. *See* Docket No. 7 at 30-31; Docket No. 32 at 3 n.3. Rather, public health is relevant to whether an injunction would be in the public interest. *See United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1145, 1149 (D. Colo. 1998), *aff'd*, 191 F.3d 1224 (10th Cir. 1999) ("Normally, the most important equitable factor is irreparable harm. When a case is brought pursuant to an environmental or public health statute, however, the primary focus shifts from irreparable harm to concern for the general public interest." (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982); *Envtl. Def. Fund, Inc. v. Lamphier*, 714 F.2d 331, 337-38 (4th Cir. 1983); *Wilson v. Amoco Corp.*, 989 F. Supp. 1159, 1171 (D. Wyo. 1998)).

5

the public that visit the Refuge. To a lesser bur [sic] unknown degree this risk is also be [sic] present for those individuals that live or recreate near the Refuge or are simply present within several miles of the Refuge. This plutonium inhalation will in turn cause the mutation of cells in their body near the inhaled plutonium alpha particles and could cause immediate latent physical harm, and possibly cancer after the approximately reportedly 15 to 20 year latency period."); Docket No. 7-10 at 4, ¶ 26 ("I conduct business in the immediate area of the Rocky Flats Refuge and Superfund site. The construction and operation of the Rocky Flats Refuge poses a health risk to me while I am in the area."); Docket No. 7-9 at 3, ¶ 16. Testing data from dust and other sources in the Rocky Flats area presented by plaintiffs relates to and supports this theory. *See* Docket No. 7-8. The Court finds that such evidence is admissible at least for the limited purpose of showing irreparable harm. The fact that such evidence may also relate to the merits is not a basis to strike or exclude it unless the Court determines during the hearing that its cumulative nature goes beyond standing and irreparable harm issues and is being used to address the merits or to attempt to supplement the administrative record. Accordingly, the Court will deny defendants' motions with respect to the materials submitted by plaintiffs and their listed witnesses that plaintiffs assert relates to irreparable harm. Defendants may still object to particular testimony offered at the hearing that they believe is irrelevant or otherwise improper.

### B. Dr. Mark Johnson

Plaintiffs do not argue that the declaration and testimony of Dr. Mark Johnson is relevant to the issue of irreparable harm, but instead argue that his testimony is relevant to whether "granting of an injunction would not be adverse to the public interest, one of

preliminary injunction prongs that Plaintiffs must prove." Docket No. 32 at 3. Dr. Johnson is the executive director of the Jefferson County Health Department. Docket No. 7-20 at 1, ¶ 1. Dr. Johnson's declaration indicates his personal mistrust of non-parties, personal fears about the project, and that, "for the most part, [his] sentiments are on the side of the environmentalists and activists." Docket No. 7-20 at 2, ¶ 5. He concludes his declaration by stating his personal desire to see an "independent assessment of all of the studies, tests and research that has been done on Rocky Flats and its surrounding environs," but he admits that he "honestly do[es] not know how dangerous it is to live in [Rocky Flats'] shadow." *Id*, ¶ 6 (emphasis omitted).

Plaintiffs do not explain why expert testimony is needed to identify the public interest, why Dr. Johnson's testimony is relevant to developments after 2004, or why his testimony would otherwise be helpful to the Court. *See Ramah Navajo Sch. Bd., Inc. v. Sebelius*, 2013 WL 12303945, at *15 (D.N.M. May 9, 2013) ("[I]t is within the Court's discretion to determine whether expert testimony will be helpful to the trier of fact."); *cf. Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591-92 (1993) ("Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."). The Court finds nothing in Dr. Johnson's declaration relevant to whether the "overall public interest" would favor the issuance of a preliminary injunction in this case. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 26 (2008). Only in rare instances would expert testimony be needed to identify the public interest. Plaintiffs do not show that this case is one of them. Therefore, the Court will grant defendants' motions insofar as it will strike Dr. Johnson's declaration and exclude

him from testifying.

### C. Dr. Michael Ketterer and John Barton

Defendants argue that two of defendants' proposed witnesses, Dr. Michael Ketterer and John Barton, should be excluded from testifying because plaintiffs did not provide declarations from them and defendants would be unfairly surprised by their testimony. Docket No. 29 at 7. Plaintiffs respond that Mr. Barton is a fact witness who will address irreparable harm issues. Docket No. 32 at 6. The Court finds no basis to exclude his testimony. In regard to Dr. Ketterer, a professor of chemistry at Metro State University who will apparently be offering expert testimony, plaintiffs state that they were "ready and willing" to provide information about his testimony had defendants only asked. *Id*. Although plaintiffs are correct that no rule requires disclosure of his opinions in advance of the hearing, because plaintiffs are willing to provide it, plaintiffs shall disclose the substance and general support for his opinions to defendants by Friday, July 13, 2018. The Court will otherwise deny defendants' request to exclude the testimony of Dr. Michael Ketterer and John Barton.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Federal Defendants' Motion to Strike Plaintiffs' Declarations and Exhibits Submitted in Support of Motion for Preliminary Injunction [Docket No. 28] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Federal Defendants' Motion in Limine to Exclude Certain Witnesses from the Preliminary Injuction [sic] Hearing [Docket No. 29] is **GRANTED** in

8

part and **DENIED** in part. It is further

**ORDERED** that plaintiffs shall disclose the substance and general support for Dr. Michael Ketterer's opinions to defendants by Friday, July 13, 2018.

DATED July 12, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge