IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01017-PAB

ROCKY MOUNTAIN PEACE & JUSTICE CENTER,
CANDELAS GLOWS/ROCKY FLATS GLOWS,
ROCKY FLATS RIGHT TO KNOW,
ROCKY FLATS NEIGHBORHOOD ASSOCIATION, and
ENVIRONMENTAL INFORMATION NETWORK (EIN) INC.,

  Plaintiffs,

v.

UNITED STATES FISH AND WILDLIFE SERVICE,
GREG SHEEHAN, in his official capacity as Acting Director, U.S. Fish and Wildlife Service,
RYAN ZINKE, in his official capacity as Secretary of the Interior,
DAVID LUCAS, in his official capacity as Project Leader, Region 6, U.S. Fish and Wildlife Service,
UNITED STATES FEDERAL HIGHWAY ADMINISTRATION,
BRANDYE HENDRICKSON, in her official capacity as Acting Administrator of the United States Federal Highway Administration, and
ELAINE L. CHAO, in her official capacity as Secretary of Transportation,

  Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion to Supplement the Administrative Record and Consider Extra-Record Evidence [Docket No. 43]. Plaintiffs seek to add eight documents to the administrative record. *Id*. at 2. Plaintiffs characterize four of these documents as "Omitted Documents," which were exhibits to plaintiffs' preliminary injunction motion, an exhibit to plaintiffs' related reply, and an exhibit introduced at the preliminary injunction hearing:

  1. Exhibit 8 to Plaintiffs' Motion for Preliminary Injunction, the 2012

Kaltofen Study [Docket No. 7-8],

2. Exhibit 12 to Plaintiffs' Motion for Preliminary Injunction, the Cook Jury Verdict Form [Docket No. 7-12],

3. Exhibit 28 to Plaintiffs' Motion for Preliminary Injunction, Prof. Harvey Nichols Second Declaration [Docket No. 22-2], and

4. Plaintiffs' Exhibit 16, entered into evidence at the preliminary injunction Hearing, *see* Docket No. 38 at 4.

The remaining four documents are portions of the testimony from the July 17, 2018 preliminary injunction hearing:

5. Mr. John Barton's testimony [Docket No. 43-1 at 1-28, Tr. at 28-43] ("Barton Testimony"),

6. Mr. Harvey Nichols' testimony [Docket No. 43-1 at 29-34, Tr. at 43-61] ("Nichols Testimony"),

7. Mr. Michael Ketterer's testimony [Docket No. 43-1 at 34-47, Tr. at 61-74] ("Ketterer Testimony"), and

8. Mr. Jon Lipsky's testimony [Docket No. 43-1 at 48-56, Tr. at 94-102] ("Lipsky Testimony").

"Judicial review of an agency decision is generally limited to review of the administrative record." *Custer Cty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1027 n.1 (10th Cir. 2001) (citing *Federal Power Comm'n v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976)). "The circumstances which warrant consideration of extra-record materials are 'extremely limited.'" *Id*. (quoting *American Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985)). Nevertheless, "parties have offered extra-record studies and other evidence under a number of justifications, including: (1) that the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials, (2) that the record is deficient because the

agency ignored relevant factors it should have considered in making its decision, (3) that the agency considered factors that were left out of the formal record, (4) that the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues, and (5) that evidence coming into existence after the agency acted demonstrates that the actions were right or wrong." *Am. Min. Cong.*, 772 F.2d at 626 (10th Cir. 1985) (citations omitted).

Plaintiffs argue that the Omitted Documents were "available to [defendant United States Fish and Wildlife Service (the "Service")] when [it] promulgated" the March 23, 2018 Environmental Action Statement (the "2018 EAS") at issue in this case. Docket No. 43 at 5. As defendants point out, however, plaintiffs do not make any showing that they actually provided the documents to defendants. *See* Docket No. 46 at 5 (citing *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010) ("[T]he burden to rebut the presumption of a complete record initially rests with Petitioners who must show by clear evidence that the record fails to include documents or materials considered by Respondents in reaching the challenged decision.")). In reply, plaintiffs argue that testimony by Mr. Lucas, the Service's project manager for the Rocky Flats National Wildlife Refuge (the "Refuge"), at the preliminary injunction hearing "suggests the Service considered the radionuclide contamination *adjacent* to the Refuge in determining the location of at least a portion of the public trails." Docket No. 47 at 2 (emphasis added). Mr. Lucas testified that, "[b]ased on public feedback and our own evaluation, we agreed that [using a road that goes to the Department of Energy central operable unit] probably was not the best idea, and we utilized the existing road that goes east/west here" to reroute the trail. Tr. 120:13-24. The problem

with plaintiffs' argument is that, while the central operable unit is located in the middle of the refuge, and therefore adjacent to it, the Kaltofen Study and the Cook Jury Verdict Form relate to contamination found outside of the Refuge, not in the central operable unit. Prof. Nichols' Second Declaration relates to testing he performed in the 1970s, long before the Department of Energy cleanup and the more recent contamination testing results contained in the administrative record. Plaintiffs' Exhibit 16 is an email by Mr. Lucas' predecessor mentioning the "plutonium plume" downwind of the central operating unit, but there is no evidence that Mr. Lucas was aware of the email before he saw it at the preliminary injunction hearing or that it was otherwise considered by the Service in making its decisions related to the 2018 EAS. Tr. at 137:10-138:17. Moreover, the email does not appear relevant to the trail changes made in the 2018 EAS because the 2018 EAS did not address potential changes to the trail routes in the plume area. *See* R. at 7 ("Proposed trail connection not included in this determination."). Thus, Mr. Lucas' testimony does not suggest that the Service considered, directly or indirectly, any of the information plaintiffs contend was improperly omitted. The Court finds that plaintiffs have not carried their burden of showing that defendants considered the Omitted Materials in issuing the 2018 EAS. *See Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1275.

Plaintiffs argue that all of the documents they seek to add to the administrative record "will provide the Court with essential information to understand the nature of the agency's decision, and will enable the Court to clearly appreciate the issues." Docket No. 43 at 6. Plaintiffs state in conclusory fashion that the documents are "highly relevant and necessary for effective judicial review," but do not explain why. *Id*.; *see*

4

*also* Docket No. 47 at 4 ("The extra-record evidence is necessary to show the Service did not undertake a proper NEPA analysis before issuing the EAS."). The administrative record already contains substantial evidence regarding the history of Rocky Flats and contamination in the area of the Refuge. The Court finds plaintiffs have not carried their burden to show that the documents that they seek to add to the record are necessary for review of the administrative action. *See Lee v. U.S. Air Force*, 354 F.3d 1229, 1243-44 (10th Cir. 2004) ("The extra-record [evidence] indicate[s] that there is disagreement regarding the reliability of the methodology and whether it has been applied accurately in this EIS. This only demonstrates that experts disagree, which . . . is an insufficient basis for admitting extra-record evidence."). Therefore, the Court will deny plaintiffs' motion.

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion to Supplement the Administrative Record and Consider Extra-Record Evidence [Docket No. 43] is **DENIED**.

DATED September 5, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge